IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARNELL COMPTON, #M-42597, | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 16-cv-00755-SMY |
| | ) |
| JOHN BALDWIN, | ) |
| SUZANN BAILEY, | ) |
| GODINES, | ) |
| SWANSON, and | ) |
| BETSY SPILLER, | ) |
| | ) |
|      Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

  Plaintiff Darnell Compton, an inmate currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this pro se action for alleged violations of his constitutional rights under 42 U.S.C. § 1983. (Doc. 1). Specifically, Plaintiff alleges that Defendants conspired to violate his Eighth and Fourteenth Amendment rights by serving him a soy-based diet and forcing him to spend money at the commissary. He seeks compensatory and punitive damages.

  This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff entered the Illinois Department of Corrections ("IDOC") on April 29, 2015. (Doc. 1, p. 5). He started eating a soy-based diet at that time and alleges that he immediately began to suffer from "severe" medical injuries. (Doc. 1, p. 5).

On or about October 4, 2015, Plaintiff suffered from severe constipation that lasted approximately 14 days. (Doc. 1, p. 5). As a result of the constipation, Plaintiff tore his anus. (Doc. 1, p. 5). Plaintiff filed a medical request slip, but it was allegedly ignored. (Doc. 1, p. 5). He then filed a grievance on November 11, 2015, which also went ignored. (Doc. 1, p. 5). A duplicate grievance filed in December 2015 got the same results and in January 2016, the director refused to answer. (Doc. 1, p. 5).

Plaintiff then began experiencing severe stomach pains, headaches, gas, fatigue, loss of circulation and bouts of constipation that last between 7 and 12 days. (Doc. 1, p. 5). Defendants Baldwin and Godinez never responded to Plaintiff's grievances regarding his colplaints about his diet. He spoke with Spiller in person in December 2015 and she allegedly told him to spend more money in the commissary if he did not want to eat the soy. (Doc. 1, p. 5). Plaintiff alleges that Defendants serve soy because it's cheaper. (Doc. 1, p. 5). Plaintiff also wrote two letters to Defendant Bailey, but she did not respond. (Doc. 1, p. 6). He requested a soy-free diet, but has not received a response. (Doc. 1, p. 6)

## Discussion

Based on the allegations, the Court finds it convenient to divide the *pro se* Complaint into the following enumerated claims. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1:** Eighth Amendment claim against Defendants for endangering Plaintiff's health by serving him a soy diet;
>
> **Count 2:** Conspiracy claim against Defendants for the soy diet; and,
>
> **Count 3:** Fourteenth Amendment claim against Defendants for failing to respond to grievances regarding the soy diet.

All three claims shall be dismissed at this time.

## Count 1

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). Prison conditions that deprive inmates of basic human needs, such as inadequate nutrition, health, or safety, may constitute cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Prison officials also violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 842, 847 (1994).

Although soy diet litigation is currently back in vogue at Pickneyville, a number of courts have rejected inmates' claims that a soy diet puts them at risk of serious harm. In *Harris v. Brown*, the court appointed both attorneys and experts for the plaintiffs, but ultimately concluded after reviewing the expert reports and noting the ubiquity of soy in the American diet that

"society today simply does not see soy protein as a risk to the general population, much less a serious risk." No. 07-CV-3225, 2014 WL 4948229 at *4 (C.D. Ill. Sept. 30, 2014). The court granted summary judgment to the defendants, noting that even if it accepted the plaintiffs' expert opinions, they did not conclusively establish that soy protein created a risk, only that "the safety of soy is a topic of current debate and study." *Id.* Other courts have come to the same conclusion, albeit on a less developed record. *See Riley-El v. Godinez*, No. 13 C 8656, 2015 WL 4572322 at *4 ("[T]he alleged risks posed by consuming a soy-rich diet to not rise to the level of an Eighth Amendment violation."); *Munson v. Gaetz*, 957 F.Supp.2d 951, 954 (S.D. Ill. 2013) (finding that defendants were entitled to qualified immunity because no court has found soy to be harmful); *Smith v. Rector*, No. 13-cv-837, 2013 WL 5436371 (S.D. Ill. Sept. 30, 2013)(dismissing claim on vague allegations that prison meals contained too much soy); *Adams v. Talbor*, No. 12-2221, 2013 WL 5940630 (C.D. Ill. Nov. 6, 2013) (dismissing prisoner's claim that a soy based diet caused him to experience stomach problems).

The court in *Riley-El v. Godinez* took a particularly nuanced approach: they permitted plaintiff's claim that he had a serious medical condition for which soy was contraindicated to proceed, but dismissed plaintiff's claim regarding a soy diet as a condition of confinement. 2015 WL 4572322 at *4-*5. Here, Plaintiff has only pleaded a conditions of confinement claim. While he has alleged that he experienced various medical symptoms, Plaintiff has not named a medical defendant. He has not alleged that he suffers from any allergy or condition for which soy is contraindicated. The Court therefore construes Plaintiff's claim strictly as a conditions of confinement claim. As a conditions of confinement claim, it fails. The alleged risks of a soy diet do not rise to the level of an Eighth Amendment violation.

Alternatively, the Court finds that the defendants are entitled to qualified immunity on the

alleged general health risks of consuming soy.  Qualified immunity shields government officials from liability where "their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Court use a two part test to determine whether a defendant is entitled to qualified immunity: 1) whether the conduct complained of violates the constitution; 2) whether the right was clearly established at the time the conduct occurred.  *Id.* at 743 (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)).  Either element of the test may be reached first.  *Pearson*, 555 U.S. at 236.

Although qualified immunity is an affirmative defense, the burden of meeting the two part test rests on the plaintiff.  *Eversole v. Steele*, 59 F.3d 710, 717 (7th Cir. 1995).  The Supreme Court has emphasized the importance of resolving qualified immunity questions at the earliest stage possible of litigation.  *Saucier v. Katz*, 533 U.S. 194, 202 (2001).  The Seventh Circuit has also upheld dismissals on qualified immunity grounds in soy diet cases on a 12(b)(6) motion, which shares its standard with § 1915A.  *See Doe v. Village of Arlington Heights*, 782 F.3d 911, 916 (7th Cir. 2015).  The Court will dismiss on qualified immunity grounds where the facts of the complaint, taken as true, fail to allege the violation of a clearly established right.

Here the Court has not found a single case that concludes that soy-based diets pose a serious risk to prisoner health generally.  It has not found a case that holds that soy is nutritionally inadequate or that it violates the Constitution.  In fact, the Seventh Circuit specifically declined to hold that a soy-based diet violates the Constitution in at least one case.  *Johnson v. Randle*, 619 F. App'x 552, 554 (7th Cir. 2015).  The Court therefore finds that because no court has found a soy-based diet unconstitutional, in and of itself, the right is not clearly established and Defendants are entitled to qualified immunity.

Additionally, the Complaint states no claim against Defendant Swanson's. A corporate entity will incur liability in a civil rights action only where it established a policy that directly caused the constitutional violation. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).  In the Complaint, Plaintiff does not allege that Swanson's was responsible for the policy of providing Plaintiff with a soy diet. Therefore, Count 1 shall be dismissed against Swanson's without prejudice.

**Count 2** alleges a conspiracy amongst all the Defendants to offer a soy-based diet in order to save the institution money and to generate revenue through commissary purchases. Count 2 does not survive preliminary review because the Complaint has not adequately stated a constitutional claim regarding the soy diet.  Without an underlying constitutional violation, there can be no conspiracy claim.

Moreover, the Complaint offers insufficient allegations in support of a conspiracy claim. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (citations omitted). "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304-05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (citation omitted). The Plaintiff's mention of a conspiracy is insufficient, even at this early stage, to satisfy basic pleading requirements under Federal Rule of Civil Procedure 8 or *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007) (requiring a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face"). Here, the factual allegations do not support a conspiracy claim against Defendants based on their issuance of a soy diet.

The Complaint also fails to articulate a viable conspiracy claim against Defendants for allegedly implementing a soy diet in order to generate revenue in the prison's commissary. Conspiracy is not an independent basis of liability in Section 1983 actions. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000). "There is no constitutional violation in conspiring to cover up an action which does not itself violate the Constitution." *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996).

The Complaint alleges that the purpose of this particular "conspiracy" is to force inmates to purchase food at the commissary. In other words, this scheme is allegedly aimed at taking prisoners' money. However, Plaintiff did not allege that his money was taken *without due process of law.* Even if the Complaint so alleged, there is no cognizable civil rights claim if the state provides an adequate legal remedy. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995). Because this state remedy is available, Plaintiff cannot maintain a constitutional claim for any deprivation of his money as a result of the Pinckneyville soy diet policy. Where there is no underlying constitutional claim for this "deprivation," there is likewise no viable civil rights claim for a "conspiracy" to deprive inmates of their funds. Thus, **Count 2** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Count 3** arises from Defendants' failure to respond to Plaintiff's grievances. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause *per se*. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Put differently, the fact that Defendants may have ignored Plaintiff's grievances does not give rise to a due process claim against them. Accordingly, Count 3 is dismissed with prejudice as to all defendants.

### Pending Motions

Plaintiff's Motion for Service of Process at Government Expense (Doc. 3) is hereby **DENIED** as moot, as the Court has not found that Plaintiff's Complaint states any claim, no service will be ordered.

### Disposition

**IT IS ORDERED** that **COUNT 1** is **DISMISSED** without prejudice against all **Defendants** for failure to state a claim upon which relief may be granted and on qualified immunity grounds. **COUNT 2 is DISMISSED** in its entirety without prejudice for failure to state a claim upon which relief may be granted. **COUNT 3** is also **DISMISSED** in its entirety with prejudice against all Defendants for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support a medical indifference claim related to the soy diet, within 35 days of the entry of this order (on or before December 12, 2016). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d

632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: November 7, 2016**

s/ STACI M. YANDLE
United States District Judge
